**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**MARTA ESCAMILLA,**

Plaintiff,

v.

**DYCK-O'NEAL, INC. AND BENDETT & MCHUGH, P.C.,**

Defendants.

**Case No.:** 1:22-CV-11001-MPK

**PLAINTIFF'S MOTION IN LIMINE #1 TO EXCLUDE QUESTIONS OR REFERENCE TO PLAINTIFF BEING ENTITLED TO REASONABLE ATTORNEY'S FEES IF SUCCESSFUL**

**FPTC: JUNE 9, 2026**
**TRIAL: JUNE 22, 2026**

**HON. M. PAGE KELLEY**

Plaintiff Marta Escamilla ("Plaintiff") moves the Court for an Order that Defendant Dyck-O'Neal, Inc. ("Defendant"), its witnesses, and attorneys shall not mention, within the hearing of the jury, the availability of an award of attorney's fees and costs to the Plaintiff should she succeed as a prevailing party.

"The FDCPA provides that the court may award the costs of the action, together with a reasonable attorney's fee as determined by the court." *See Lundie v. Smith & Cohen, LLC*, 2016 WL 717113, at *5 (E.D. Va. Jan. 26, 2016), report and recommendation adopted, 2016 WL 715736 (E.D. Va. Feb. 18, 2016). The award of fees is a matter for the judge, not the jury, and it is assessed following trial if the Plaintiff prevails on her claim. *See id.; see also,* 15 U.S.C. § 1692k(a)(3) (noting "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court").

As the Ninth Circuit found in *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991), where a Plaintiff is entitled to compensatory and statutory damages, informing the jury of the Plaintiff's potential right to receive attorneys' fees and costs might lead the jury to offset the fees by reducing

the damage award. The risk is greater where the jury may determine the damages amount to be a nominal sum. *See id.* When damages are nominal, there is a risk the jury may believe the "harm" does not justify the payment of a large fee award incurred in litigation. "The jury may thus decide to find for the Defendant rather than allow the Plaintiff's to recover attorneys fees and costs as required by the statute." *Id.* Moreover, Defendant should not be permitted to use the availability of attorneys' fees to portray this case as solely driven by the attorneys. *See, e.g., Tallman v. Freedman Anselmo Lindberg, L.L.C.*, 2013 WL 2631754, at *3 (C.D. Ill. June 12, 2013) (barring FDCPA defendant from making any such references, and finding that "Plaintiff's motive in bringing the lawsuit is not relevant on the issue of whether Defendant violated the [FDCPA]") (citing cases).

Moreover, the issue of fee shifting under the FDCPA has no bearing on the factual merits of the case and must be excluded pursuant to Fed. R. Evid. 403 where the "probative value is substantially outweighed by a danger of… unfair prejudice, confusing the issues, misleading the jury" and other harms. *See Lin v. KIA Motors Am., Inc.,* 2013 WL 12129608, at *2 (C.D. Cal. Jan. 22, 2013) (granting an order to exclude any reference to the availability of attorney's fees if the plaintiff prevailed and finding that such evidence "has no place in a jury trial, especially where the Court, not the jury, decides the issue of fees"); *Fisher v. City of Memphis*, 234 F.3d 312, 319 (6th Cir.2000) (noting "it is clearly prejudicial to instruct a jury as to the potential for attorneys' fees when it is deciding the merits of the underlying § 1983 action"); *Tallman*, 2013 WL 2631754, at *2 (finding in a FDCPA case that "whether Plaintiff may recover attorney fees if he is successful on her claim does not have any tendency to make it more or less probable that Defendant violated the Act. Moreover, even if the ability to recovery attorney fees bears some relevance to the action, such relevance is substantially outweighed by the possibility of unfair prejudice, confusion of the

issues, and misleading the jury" and that "Reference to the possibility that Plaintiff would recover her attorney fees if her claim is successful would also unduly prejudice Plaintiff"); *LeForge v. Feiwell & Hannoy, P.C.*, 2014 WL 6066044, at *1 (S.D. Ind. Nov. 13, 2014) (barring reference to attorneys fees and noting "[t]he court agrees with the Plaintiff that evidence that, if successful, Plaintiff may seek attorney's fees is irrelevant to whether Defendant violated the FDCPA and also to the bona fide error defense").

Accordingly, the Motion in Limine No. 1 should be granted and the Court should issue an order directing Defendant's witnesses and attorneys not to mention the availability of attorneys' fees and costs to the successful plaintiff in the presence of the jury.

Dated: May 26, 2026

RESPECTFULLY SUBMITTED,

**KAZEROUNIAN LAW GROUP, APC**

By: /s/ Pamela Prescott, Esq.
Abbas Kazerounian, Esq. (*pro hac vice*)
Pamela Prescott, Esq. (*pro hac vice*)
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Email: ak@kazlg.com
pamela@kazlg.com

**SHIELD LAW, LLC**
Nicola Yousif, Esq. (MA#679545)
Matthew A. McKenna (MA#705644)
157 Belmont St.
Brockton, MA 02301
Telephone: (508) 588-7300
E-Mail: nick@yousiflaw.com;
matt@yousiflaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

/s/ *Pamela Prescott*
Pamela Prescott